ALTENBERND, Judge.
Justin C. Snyder appeals three sentences entered after the trial court found him guilty of violating the terms of his probation. The State concedes that an error exists in two of the three sentences. We reverse those sentences but conclude that on remand the trial court can correct the error by striking the one-year term of probation in the two erroneous sentences.
Mr. Snyder pleaded no contest to burglary of a dwelling and two counts of grand theft in 2008. The trial court sentenced him as a youthful offender to a term of ten months’ incarceration followed by five years’ probation for the burglary and two concurrent terms of ten months’ incarceration followed by four years’ probation for each count of grand theft. After he served the terms of incarceration, he violated probation. Following an evi-dentiary hearing, the trial court revoked his probation and sentenced him to three concurrent terms of sixty months’ incarceration with credit for time served, followed by one year of probation.
Although the trial court was clearly attempting to impose a proper youthful offender sentence on violation of probation, it was not authorized to impose a sentence that was longer than the statutory maximum for a charged offense. See § 958.14, Fla. Stat. (2008). In this case, the sentence imposed for the burglary is a legal sentence. The concurrent sentences for the two counts of grand theft exceed the five-year statutory maximum for a third-degree felony. The State concedes that these two sentences exceed the statutory maximum.
Because the existing sentence for the burglary is a proper sentence and will require Mr. Snyder to serve a five-year term in prison, there is no need to remand this case to the trial court to consider a shorter term of imprisonment for the two *922 counts of grand theft. On remand, the trial court shall strike the one-year period of probation as to these two offenses, leaving the concurrent five-year terms of imprisonment with credit for time served as the total sentence for these offenses.
Affirmed in part, reversed in part, and remanded.
DAVIS and WALLACE, JJ., Concur.